**Robert FRISCHMANN and Harry Marineau, Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 77–960C(A).**

United States District Court, E. D. Missouri, E. D.

Nov. 13, 1981.

Francis L. Ruppert, St. Louis, Mo., for plaintiffs.

W. Munro Roberts, Jr., Joseph B. Moore, Asst. U. S. Atty., Joseph H. Mueller, Alan C. Kohn, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

HARPER, District Judge.

Plaintiffs, Robert Frischmann and Harry Marineau, brought suit against the United States of America, Barry Short (then U. S. Attorney), and Suzanne Mullins, John Long and James Haggerty (then special agents for the Federal Bureau of Investigation), asking that the Court award both compensatory and punitive damages for the allegedly improper seizure of plaintiffs' films under an implied Fifth Amendment cause of action. Jurisdiction is based on 28 U.S.C. § 1331(a) and the Fifth Amendment of the United States Constitution.

Plaintiffs also pray for a declaratory judgment under the provisions of 28 U.S.C. § 2201 that the seized films are the plaintiffs' lawful property not subject to seizure by the defendants and that plaintiffs may exchange, lend or sell, not for profit, any and all of the motion picture film prints which plaintiffs own. Jurisdiction is based on 28 U.S.C. § 1331, 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 2201, 28 U.S.C. § 1338(a) and the First, Fourth and Fifth Amendments to the Constitution of the United States.

The testimony and exhibits disclose that the plaintiffs are film collectors and as such collect, trade and sell, not for profit, motion picture film prints. In February of 1977, plaintiff Frischmann placed an advertisement in a nationally circulated periodical offering to sell or to exchange with other film collectors prints of certain motion picture films. Upon seeing the advertisement, William Nolan, head of the Film Security Office of the Motion Picture Association of America, Inc., wrote to the Director of the Federal Bureau of Investigation in Washington, D. C., advising that the films listed in the advertisement were copyrighted and that Frischmann was not authorized to possess, duplicate or sell the copyrighted films.

The FBI forwarded the letter to its St. Louis office requesting that an investigation be made. A search warrant for Frischmann's home was denied on the basis that there was insufficient evidence to establish probable cause to suspect Frischmann was violating the criminal copyright laws. In April of 1977, Agents Mullins and Haggerty went to Frischmann's home, misrepresented themselves as film collectors interested in buying films and gained admission by consent to Frischmann's home. The agents were shown a number of films and purchased one film for two hundred dollars. The agents then identified themselves as FBI agents and catalogued and seized all films in plain view (including one film Frischmann told agents was not for sale and was on loan to him by plaintiff Marineau). Frischmann was advised of his

rights and given a receipt for all items seized.

Plaintiffs brought suit against defendants on five counts. The case was bifurcated for trial since a jury trial was properly requested as to Count V. Counts I, II, III and IV were tried to the Court.

This Court granted defendants' motion for summary judgment on Count I under 28 U.S.C. § 1346(b) and on Count II under 28 U.S.C. § 1346(a)(2). Summary judgment was also granted to defendants on plaintiffs' claims under the Fourth Amendment in Count III. At the time of trial, then, only plaintiffs' Fifth Amendment claim in Count III and the prayer for declaratory relief in Count IV remained in issue.

■ This Court retained that part of Count III that raised an implied Fifth Amendment cause of action invoking the Court's equitable jurisdiction for return of evidence seized in the course of a criminal investigation by civil action. Plaintiffs pray for actual relief in the amount of the value of the films seized as well as punitive and exemplary damages.

The films that had been retained by the government were returned to the plaintiffs the morning of the trial. No evidence as to damages incurred by the plaintiffs due to the deprivation of their films was given at trial. This Court has already ruled that the search and seizure of the films was not in callous disregard of the Fourth Amendment and punitive damages are, therefore, inappropriate.

Accordingly, judgment will be for the defendants on Count III.

In Count IV plaintiffs pray for a declaratory judgment that all prints in the possession of plaintiffs are the lawful property of the plaintiffs and not subject to seizure and that plaintiffs may exchange, lend or sell (not for profit) any and all of the films each owns and has in his possession.

■ The grant of declaratory relief is discretionary. Although the Court has the power to grant the relief sought, it is not required to do so. *Inland Oil & Transport Co. v. U. S.*, 600 F.2d 725 (8th Cir. 1979). In *U. S. v. W. T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953), the Court said: "The moving party must satisfy the Court that relief is needed. The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive."

■ The Court is not unsympathetic to plaintiffs' cause and has read with interest Professor Nevins' articles, "Copyright, Property and the Film Collector," 29 Rutgers Law Review 2, 18 (1975), and "The Film Collector, the FBI and the Copyright Act," 26 Cleveland State Law Review 547 (1977). However, the trial record is not adequately developed to support a determination of relief that would reach beyond the facts of the particular case at bar. As to these parties and the films in issue, plaintiffs have not shown that the government is likely to seize the films again. Since the films have been returned and the forfeiture proceedings have been dismissed with prejudice, *United States v. Four (4) Films*, E.D. Mo., 80–1628C(B), future injury to the plaintiffs is speculative. A declaratory judgment at this point would be more an advisory opinion than a remedy for an actual controversy based upon alleged facts.

Accordingly, declaratory relief is denied on Count IV, and judgment will be entered for defendants on the Fifth Amendment claim under Count III.

This memorandum is adopted by the Court as its findings of fact and conclusions of law and the clerk of the Court will prepare and enter the proper order.